MAGGIE BYNUM v. THE LIFE INSURANCE COMPANY OF VIRGINIA.

(Filed 24 March, 1943.)

1. **Insurance § 30a: Limitation of Actions § 2e—**

In an action to recover premiums paid by plaintiff on forfeited life insurance policies on the lives of certain relatives of plaintiff, where summons was issued 17 February, 1942, and the evidence tended to show that such premiums were paid only to 1936, defendant having pleaded the three-year statute of limitations, C. S., 441, 6465, judgment of nonsuit was properly allowed. C. S., 567.

2. **Insurance § 30a—**

In an action to recover premiums paid by plaintiff on a forfeited life insurance policy, where the evidence shows that the premiums were paid to date and the policy still in force, there is no cause of action stated and the suit cannot be maintained.

3. **Insurance § 32d: Appeal and Error § 39a—**

In an action to recover premiums paid on forfeited life insurance policies, judgment of nonsuit, containing a proviso, "without prejudice to the rights of plaintiff in the paid-up policies listed in paragraph (c) of the further answer," if not in favor of plaintiff, is harmless error.

STACY, C. J., and WINBORNE, J., dissent.

APPEAL by plaintiff from *Pless, J.,* at September Term, 1942, of BUNCOMBE.

This is an action to recover the premiums paid by the plaintiff on five policies of life insurance, three of which were originally issued in 1898, one in 1901 and one in 1903; four being on the lives of certain relatives of the plaintiff and one on her own life.

The premiums on the four policies on the lives of the relatives of the plaintiff were paid by her until 1936, and the premiums on the policy on her own life were paid by her up to the time of the institution of this action, 17 February, 1942.

When the plaintiff had introduced her evidence and rested her case the defendant moved for a judgment as in case of nonsuit (C. S., 567), which motion was allowed, and from judgment predicated upon such ruling the plaintiff appealed, assigning error.

*George F. Meadows for plaintiff, appellant.*
*Adams & Adams for defendant, appellee.*

SCHENCK, J. The defendant interposed a plea of the three years statute of limitation to the plaintiff's alleged cause of action in so far as it related to the premiums paid on the policies issued on the lives of the relatives of the plaintiff. The evidence of the plaintiff is to the effect that these policies were canceled for the nonpayment of premiums on 19 March, 1936.

It is stipulated by the parties that summons was issued 17 February, 1942; hence, it appears that the action was barred by the provisions of C. S., 441 and 6465, the latter of which, in part, reads: "No action shall be maintained to recover under a forfeited policy unless the same is instituted within three years from the day upon which default was made in paying the premium, installment, interest, or portion thereof for which it is claimed that forfeiture ensued."

Since this action is stated to be for the recovery of premiums paid on forfeited policies, and since the evidence of the plaintiff is to the effect that the premiums on the policy on the life of the plaintiff herself have been paid to date and that the policy is still in force, no cause of action to recover premiums on a forfeited policy can be maintained on the policy involved.

It follows that there was no error in sustaining the demurrer to the evidence of the plaintiff and entering judgment as in case of nonsuit.

However, the plaintiff appellant complains that his Honor added to his judgment the following proviso: "Without prejudice, however, to the rights of the plaintiff in the paid-up policies listed in paragraph (c) of the further answer, as follows:

"Policy No.   769037, on the life of Annie Bynum. ...........$49.00
Policy No.   793721, on the life of Henry Bynum ............$47.00
Policy No. 1054743, on the life of Annie Bynum . ..........$46.00
Policy No. 1385773, on the life of Martha Bynum ......... $41.00."

If this proviso be error, such error, if not in favor of the plaintiff, appellant, was certainly harmless to her. It was doubtless entered to put of record that the court did not intend to foreclose by the judgment any person from any benefits he or she might have under the paid-up policies which the defendant admitted existed upon the death of the insureds therein named. The record, however, does not divulge who the beneficiaries of the policies are, and the proviso is therefore not binding against any person who may be interested in any benefits under the policies.

Affirmed.                    ●

STACY, C. J., and WINBORNE, J., dissent.